United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Audrey Thomas,  Case No. 11-43786-R
          Debtor.  Chapter 13
_____/

Audrey Thomas,
          Plaintiff,

v.  Adv. No. 11-5227

Citimortgage, Inc.,
          Defendant.
_____/

Opinion Granting Defendant's Motion to Dismiss Adversary Proceeding

I.

In 2004, the debtor, Audrey Ann Thomas, refinanced her mortgage and home equity loan on property located at 16895 Ilene, Detroit. After the refinance, ABN AMRO held a first mortgage on the property in the amount of $78,990.77. Thomas also obtained an equity line of credit in favor of Standard Federal Bank with a credit limit of $32,600. Standard Federal recorded its mortgage first on January 3, 2005. ABN AMRO recorded its mortgage on January 18, 2005. The ABN AMRO mortgage is now held by Citimortgage and the Standard Federal mortgage is now held by Bank of America.

Thomas filed for chapter 13 relief on February 15, 2011. On her schedules, she listed her home valued at $34,000, a first mortgage in favor of Citimortgage in the amount of $73,205, and a second mortgage in favor of Bank of America in the amount of $32,522.

On April 4, 2011, Thomas filed amended schedules in which she reduced the value of her

home to $31,000. She also switched the order of priority of the mortgage holders, listing Bank of America as the first mortgage holder and Citimortgage as the second mortgage holder.

On April 6, 2011, Thomas filed this adversary proceeding seeking to avoid Citimortgage's lien. Thomas alleges that because the property has a value of $31,000.00, Bank of America holds a first mortgage in the amount of $32,638.00, and Citimortgage holds a second mortgage in the amount of $72,979.33, Citimortgage is wholly unsecured and she is entitled to avoid its mortgage under § 506(a).

On June 1, 2011, Citimortgage and Bank of America entered into a subordination agreement whereby Bank of America voluntarily agreed to subordinate its mortgage to that of Citimortgage.

Citimortgage then filed a motion to dismiss this adversary proceeding. Thomas filed a response arguing that because Bank of America was the first mortgage holder at the time the case was filed, the subordination agreement is ineffective to change the priorities of the parties.

The Court requested briefs from the parties on the following two issues: (1) Whether the facts for lien stripping purposes are examined as of the date of the petition or the date of the hearing; and (2) Whether the subordination agreement is effective to accomplish a retroactive subordination.

II.

Citimortgage contends that pursuant to § 506(a)(1), the amount of the secured claim is to be determined in light of the purpose of the valuation and the proposed disposition or use of the property. Further, Citimortgage argues it is to be determined at the time of the hearing on such disposition or use. Citimortgage asserts that, unlike other provisions in the Code, it is not mandated that the value of a secured claim be determined as of the date of the petition.

With respect to the subordination agreement, Citimortgage contends that it merely reflects

2

11-05227-swr    Doc 35    Filed 10/03/11    Entered 10/03/11 14:49:52    Page 2 of 5

the intent of all the parties at the time of the refinancing. Citimortgage contends that the subordination agreement is retroactive to the date the mortgages were recorded.

Thomas argues that public policy favors examining the facts for lien stripping at the time the petition is filed. Thomas contends that allowing a bank to change its priority status post-petition could potentially defeat a debtor's ability to avoid a second mortgage when there is no equity.

With respect to the subordination agreement, Thomas argues that it is not enforceable under Michigan law because it was granted without consideration.

III.

11 U.S.C. § 506(a) provides:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim.

11 U.S.C. § 506(a).

A lien against property is void "[t]o the extent [such] lien secures a claim against the debtor that is not an allowed secured claim[.]" 11 U.S.C. § 506(d).

"Where a creditor holds a second mortgage on a homestead valued at less than the debtor's secured obligation to a first mortgagee, . . . the holder of the second mortgage has only an 'unsecured claim' for § 506(a) purposes." *Lane v. Western Interstate Bancorp* (*In re Lane*), 280 F.3d 663, 664 (6th Cir. 2002). Further, "[i]f a claimant's lien on the debtor's homestead has no value at all . . . the claimant holds an 'unsecured claim' and the claimant's contractual rights are subject to modification" under § 1322(b)(2) of the Bankruptcy Code. *Id*. at 669.

The legislative history to section 506(a) highlights the flexibility the court is permitted in

3

determining value. The House Judiciary Committee's comment to section 506(a) reads in part as follows:

> "Value" does not necessarily contemplate forced sale or liquidation value of the collateral; nor does it always imply a full going concern value. Courts will have to determine value on a case-by-case basis, taking into account the facts of each case and the competing interests in the case.

H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 356, reprinted in 1978 U.S. Code Cong. & Admin. News 5787, 5963, 6312.

It is clear from the legislative history that courts must use discretion in determining value on a case-by-case basis, depending on the purpose of the valuation and the proposed disposition or use of the collateral. *In re Owens*, 120 B.R. 487, 489-490 (Bankr. E.D. Ark. 1990).

Thus, the Court is not required to examine the facts as of the date of the petition, but should consider the facts on a case by case basis. Here, Citimortgage and Bank of America sought to correct the record to reflect the intent of all parties, including Thomas. When the debtor filed her petition, she believed Citimortgage was the first mortgage holder. It was only after the mistake came to light that she tried to change the facts to her advantage. The parties' clear intent should be enforced, especially when there is no statutory mandate otherwise.

With respect to the subordination agreement, Thomas was not a party to the agreement and does not have standing to challenge its validity.

Accordingly, Citimortgage's motion to dismiss is granted.

For Publication

**Signed on October 03, 2011**

                                                                                         **/s/ Steven Rhodes**
                                                                                           **Steven Rhodes**

**United States Bankruptcy Judge**